# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ALICE CANTER,                            Case No. 1:13-cv-514
      Plaintiff,                      Weber, J.
                                          Litkovitz, M.J.

      vs

CALDERHEAD, LOCKEMEYER &amp;        **REPORT AND**
PESCHKE LAW OFFICE, *et al*,            **RECOMMENDATION**
      Defendants.

This matter is before the Court on defendants Calderhead, Lockemeyer &amp; Peschke Law Office, David C. Calderhead, and Joshua F. Debra's motion to stay litigation (Doc. 11), plaintiff's response in opposition (Doc. 13), defendants' reply memorandum (Doc. 16), and plaintiff's notices of additional authority (Docs. 15, 18, 21) and defendants' responses thereto. (Docs. 20, 22). This matter is also before the Court on defendants' motion to consolidate (Doc. 12) and plaintiff's responsive memorandum. (Doc. 14). The Court will first address defendants' motion to stay.

## I.  **Motion to Stay (Doc. 11)**

Plaintiff brings this suit against defendants, a law firm and two firm attorneys, alleging violations of the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p, and the Ohio Consumer Sales Practices Act (OCSPA), Ohio Rev. Code § 1345. Specifically, plaintiff alleges that defendants improperly attempted to collect a debt from plaintiff owed by plaintiff's father, Frank Givens, related to his residence at a long term care facility operated by Carespring Healthcare Management, LLC (Carespring). Plaintiff alleges defendants were retained by Carespring to recover the debt owed by Mr. Givens - $19,342.80 - and to pursue a breach of contract action against plaintiff. Plaintiff alleges she contracted with Carespring to

act as Mr. Given's legal representative, but asserts she did not agree under the contract to become liable for his debt to Carespring. (Doc. 1, ¶¶ 1, 7-10).

On April 4, 2013, defendants filed a collection action complaint against Mr. Givens and plaintiff Canter (Collection Action) in the Court of Common Pleas for Clermont County, Ohio, case number 2013 CVH 0533. (Doc. 1, ¶ 10). On July 2, 2013, plaintiff answered the complaint, denied liability, and raised counterclaims against defendants alleging violations of the OCSPA. *See* Doc. 11, Ex. A, Amended Answer and Counterclaim in Collection Action. Plaintiff subsequently filed this federal matter on July 22, 2013, raising federal claims under the FDCPA and substantially similar OCSPA claims against defendants as those asserted against Carespring in the Collection Action. Both parties represent that the Collection Action is currently pending.

Defendants move to stay litigation in this matter given the pending Collection Action. Defendants assert that because the Collection Action will resolve the issue of whether plaintiff is liable for the debt owed by Mr. Givens, plaintiff's FDCPA claim - involving defendants' attempts to collect this debt from plaintiff - is dependent on the outcome of the Collection Action. Thus, defendants maintain that staying this matter pending resolution of the Collection Action will promote judicial economy and protect the interests of all parties and will not prejudice plaintiff's ability to litigate her claims against defendants in the event she is successful in the Collection Action.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S.

2

248, 254-55 (1936). *See also Hill v. Mitchell*, 30 F. Supp.2d 997, 1000 (S.D. Ohio 1998) ("[T]he Court has inherent power to stay proceedings pending the resolution of the same or related issues in another forum."). In determining whether it is appropriate to stay litigation, the Court should consider the following factors: "[1] the potentiality of another case having a dispositive effect on the case to be stayed, [2] the judicial economy to be saved by waiting on a dispositive decision, [3] the public welfare, and [4] the hardship/prejudice to the party opposing the stay, given its duration." *Michael v. Ghee*, 325 F. Supp.2d 829, 831 (N.D. Ohio 2004) (citing *Landis*, 299 U.S. at 255).

Defendants assert a stay of this matter is appropriate because: (1) the outcome of the Collection Action will resolve many, if not all, of plaintiff's claims; (2) judicial economy is served by issuing a stay as the Collection Action involves identical and similar legal and factual issues; and (3) a stay will cause no prejudice to plaintiff as both the Collection Action and this matter are in the early stages of litigation. Plaintiff opposes a stay, asserting that her OCSPA counterclaims in the Collection Action may not be dispositive of her OCSPA claims against defendants in this matter. Plaintiff further maintains that a stay would not serve the purposes of judicial economy as it is unclear that defendants would be bound by legal determinations made in the Collection Action; thus, the federal and state claims against defendants may remain viable despite the outcome of the Collection Action. For the following reasons, the Court finds that a stay of this matter pending resolution of the Collection Action is appropriate.

First, the Collection Action will resolve the threshold issue of whether plaintiff is liable for the debt owed to Carespring by Mr. Givens and, hence, whether the defendant attorneys' attempts to collect this debt from plaintiff violated the FDCPA or OCSPA as plaintiff alleges in

3

this federal action. In the state court Collection Action, Carespring alleges that plaintiff entered into a binding contract with Carespring and assumed liability for her father's debt. *See* Doc. 1, Ex. 2, Collection Action Complaint, ¶¶ 23-32. In this federal action, plaintiff alleges the defendant lawyers violated federal and state law by trying to collect a debt that she does not owe, *i.e.*, her father's debt to Caresrping. (Doc. 1, ¶¶ 14-21). Thus, plaintiff's claims in this federal matter turn on whether or not plaintiff assumed liability for her father's debt by virtue of her contract with Carespring – an issue that will be resolved in the Collection Action given Carespring's breach of contract claim. In consideration of the potential dispositive effect of the Collection Action on this matter, a stay is appropriate. *Michael*, 325 F. Supp.2d at 831. *See also Carroll v. Wilson McColl & Rasmussen, Attorneys at Law*, Case No. CV 08-22-CWD, 2009 WL 315610, at *2 (D. Idaho Feb. 9, 2009) (granting motion to stay federal litigation where resolution of issues before state court would impact plaintiff's FDCPA and state law consumer protection claims).

Plaintiff's opposition to the motion to stay, and her numerous supplementations, fail to address this crucial issue. Rather, plaintiff argues that defendants' motion for a stay should be denied because: (1) defendants are not a party to the Collection Action and, thus, potentially not bound by its outcome; (2) plaintiff's OCSPA claim in the Collection Action is significantly different than her OCSPA claim here such that the matter may need to be litigated regardless of the outcome of the Collection Action; and (3) defendants' motion is simply an attempt to delay these proceedings. (Doc. 13). Plaintiff's arguments are unavailing.

Plaintiff has presented no authority supporting her assertion that defendants would somehow not be bound by the legal determinations made by the state court in the Collection

4

Action. Indeed, the well-established doctrines of claim and issue preclusion ensure that any judgment made by the Ohio court in the Collection Action will have "the same preclusive effect as would be given that judgment under" Ohio law. *Migra v. Warrant City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). *See also Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007). When determining whether issue or claim preclusion exists, this Court must look to Ohio state law. *Frazier v. Matrix Acquisitions, LLC*, 873 F. Supp.2d 897, 900 (N.D. Ohio 2012). Under Ohio law, for issue preclusion to apply the "fact or issue" in question must be actually and directly litigated in the prior action." *State ex rel. Davis v. Pub. Emps. Ret. Bd.*, 899 N.E.2d 975 (2008). Here, the issue of whether plaintiff is liable to Carespring for her father's debt – a threshold question in this matter – will be decided in the Collection Action. The undersigned can think of no reason why the state court's resolution of this issue would not be binding on defendants here.

In addition, plaintiff's argument that certain aspects of her OCSPA claim against defendants may remain following the disposition of the Collection Action is not a basis for denying defendants' motion to stay. The point of staying this matter, as opposed to dismissing it, is to allow for the resolution of legal and factual issues in the Collection Action in an attempt to narrow the issues before this Court. The possibility that factual or legal claims may require resolution by this Court after the Collection Matter is completed does not outweigh the judicial economic benefit to this Court of having the Ohio court resolve purely state law issues and thereby narrowing the legal and factual issues before this Court.

Second, the strong likelihood that the Collection Action will resolve many, if not all, of the legal and factual issues raised by plaintiff's complaint strongly supports granting defendants'

5

motion to stay in the interest of judicial economy. Further, it is clear that the discovery sought here will be highly duplicative of that sought in the Collection Action. Plaintiff's written discovery requests propounded on defendants seek significant discovery related to the debt owed by Mr. Givens to Carespring as well as information regarding the Collection Action. *See* Doc. 11, Ex. B at 4-6, 8. The Court finds no benefit in having both matters proceed simultaneously given the probability that the discovery produced in the Collection Action will greatly diminish the necessary discovery and issues before this Court.

Third, plaintiff will not be prejudiced by a stay of this federal action. *See Visteon Global Technologies, Inc. v. Garmin Int'l, Inc.*, Case No. 10-CV-10578, 2013 WL 434135, at *2 (E.D. Mich. Feb. 4, 2013). Given that both the state court Collection Action and this federal court action are in their early stages, plaintiff will not be prejudiced by staying the federal action while the state court determines the threshold issue of the validity of the debt in the Collection Action. The Court finds there will be no potential prejudice to plaintiff by granting defendants' motion.

As for plaintiff's assertions that defendants are merely engaging in gamesmanship (Doc. 13 at 3, n.2), the Court finds no evidence of improper litigation tactics on behalf of defendants by seeking to stay this litigation. Nor does the Court find that plaintiff has engaged in forum shopping by filing a federal complaint against defendants despite her ability to join them as parties in the Collection Action. Accordingly, improper litigation tactics do not serve as a basis for denying defendants' motion to stay.[1]

---

[1]The Court disagrees with plaintiff's assertion raised in her October 25, 2013 supplementation (Doc. 18) that the Sixth Circuit's recent decision in *Tyler v. DH Capital Mgmt.*, 736 F.3d 455 (6th Cir. Oct. 22, 2013) cautions against granting the motion to stay. The unique procedural facts present in *Tyler* are not present here. More importantly, *Tyler* does not speak to the issue at hand – whether a stay is appropriate given the currently pending and earlier-filed Collection Action.

Plaintiff's remaining arguments against a stay are unavailing. Plaintiff argues that if the state court finds in the Collection Action that she is liable for some, but not all, of the debt owed by Mr. Givens to Carespring, "she would still be back in federal court based upon Carespring's violation of" the FDCPA. (Doc. 18 at 2). As plaintiff has not named Carespring in her federal complaint, this argument is without merit. Likewise, plaintiff's contention that the issue before the Court is one of abstention is misplaced. *See id.* Granting defendants' motion to stay litigation is not the same as abstaining from ruling on an issue raised before another tribunal. *See Bates v. Van Buren Tp.*, 122 F. App'x 803, 808 (6th Cir. 2004) (abstention doctrine invokes federal court's authority to stay or dismiss matter where there are parallel state court proceedings). Defendants have not asked to dismiss plaintiff's claims or asserted that the Collection Action is parallel such that the Court must abstain from invoking its jurisdiction. Defendants simply assert that resolution of the Collection Action will resolve a threshold issue in this federal action and narrow the issues such that judicial economy is best served by a stay. The undersigned agrees and recommends that defendants' motion to stay (Doc. 11) should be granted.

## II. Motion to Consolidate (Doc. 12)

Defendants move to consolidate this matter with *Muench v. Calderhead, Lockemeyer & Peschke Law Office, et al.*, No. 1:13-cv-573 (S.D. Ohio 2013) (Muench Litigation). (Doc. 12). Defendants assert that the Muench Litigation involves nearly identical allegations against defendants by John T. Muench who, like plaintiff Canter, is purportedly liable for a debt owed by his father to Carespring. Plaintiff Canter and Mr. Muench represent that they do not object to consolidation, but note that there may be a need for distinct discovery and filing of separate

7

dispositive motions as there are unique facts presented by each plaintiff. (Doc. 14). Given the acquiescence of both plaintiff and Mr. Muench to defendants' motion to consolidate, the undersigned recommends that the motion be granted.

### III. Conclusion

For the above stated reasons, the Court recommends that defendants' motion to stay (Doc. 11) be **GRANTED**. The Court further recommends that defendants' motion to consolidate this matter with *Muench v. Calderhead, Lockemeyer & Peschke Law Office, et al.*, No. 1:13-cv-573 (S.D. Ohio 2013) (Doc. 12) be **GRANTED**.

Date: 1/8/14

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ALICE CANTER,                                 Case No. 1:13-cv-514
     Plaintiff,                           Weber, J.
                                         Litkovitz, M.J.

     vs

CALDERHEAD, LOCKEMEYER &
PESCHKE LAW OFFICE, *et al*,
     Defendants.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).

9